UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AMERICAN EMPIRE SURPLUS LINES
INSURANCE COMPANY

                        Plaintiff,

    -against-

WESTCHESTER FIRE INSURANCE COMPANY
and GRZEGORZ MATERNIK

                       Defendants.
------------------------------------------------------------X

Judge Pauley

08 CV 1208

Docket No.

COMPLAINT



FEB 0 6 2008
U.S.D.C. S.D.N.Y.
CASHIERS

       Plaintiff, American Empire Surplus Lines Insurance Company ("American Empire"), by its attorneys, L'Abbate, Balkan, Colavita & Contini, L.L.P., as and for its Complaint against the defendants, alleges, upon information and belief, as follows:

### PARTIES

       1.    American Empire is an insurance company organized and existing under the laws of the State of Delaware, with its principal place of business in Ohio.

       2.    Upon information and belief, and at all times relevant, defendant Westchester Fire Insurance Company ("Westchester Fire") was and still is an insurance company organized and existing under the laws of the State of New York, with its principal place of business in New York.

       3.    Upon information and belief, and at all time relevant, defendant Grzegorz Maternik was and still is a resident of the County of Queens, State of New York.

## JURISDICTION

4. This action is brought pursuant to 28 U.S.C. §§1332, 2201 and 2202, on common law, and seeks declaratory relief.

5. The amount in controversy in this action exceeds the sum or value of $75,000.

## INSURANCE COVERAGE

6. American Empire issued a Commercial General Liability insurance policy to Monadnock Construction, Inc. ("Monadnock"), bearing Policy No. 4 GL 9 63 25, for the period June 16, 2004 to June 16, 2005. American Empire has recognized Edgemere By-The-Sea Corp. ("Edgemere") as an additional insured under the Commercial General Liability policy issued to Monadnock.

7. Upon information and belief, Westchester Fire issued a Commercial General Liability insurance policy to Gateway Demolition Corp. ("Gateway"), bearing Policy No. GLW-779005-1, for the period May 9, 2004 to May 9, 2005.

8. The Westchester policy includes an Additional Insured – Owners, Lessees or Contractors endorsement, which provides additional insured coverage for those persons or organizations, "[a]s required by contract, provided the contract is executed prior to loss." Pursuant to contract, Gateway agreed to provide additional insured coverage to Edgemere and Mondanock under the Westchester policy.

9. The American Empire policy provides that its coverage is excess to "[a]ny other primary insurance available to [Edgemere and Monadnock] covering liability for damages arising out of the premises or operations for which [Edgemere and Monadnock] have been added as an additional insured by attachment of an endorsement."

## FACTS

10. On November 15, 2004, Grzegorz Maternik allegedly sustained bodily injuries after falling from an elevated height while working at a construction project located at 40-11 Beach Channel Drive, Rockaway, New York ("the Premises").

11. Prior to that time, on August 1, 2004, Edgemere, the owner of the Premises, entered into a written agreement with Monadnock to serve as the General Contractor for the construction project.

12. On July 17, 2004, Monadnock entered into a written agreement with Gateway Demolition Corp. ("Gateway") to perform certain demolition work.

13. The July 17, 2004 agreement entered into between Monadnock and Gateway provides that prior to commencement of work, Gateway was required to name Edgemere and Monadnock as additional insureds on its insurance policies.

14. The Monadnock/Gateway agreement also provides that Gateway "agrees to defend, indemnify and hold harmless, Monadnock Construction, Inc., [and

3

Edgemere],...against any and all liability, cost, damage, injury and expenses, including but not limited to legal fees, in any way relating to the performance of this Subcontract, provided that such liability is not due to the sole, affirmative negligent acts of themselves."

15. On or about June 18, 2005, Maternick commenced suit, entitled: "*Grzegorz Maternik v. Edgemere By-The-Sea Corp. and Monadnock Construction, Inc.*" (Index No. 18148-05/05), in the Supreme Court of the State of New York, Kings County ("Underlying Action").

16. On or about December 15, 2005, Edgemere and Monadnock commenced a third-party action against Gateway Demolition Corp. ("Gateway") ("Third Party Action").

17. American Empire is currently defending both Edgemere and Monadnock in the Underlying Action under its Commercial General Liability policy.

18. Upon information and belief, Westchester Fire is defending Gateway in the Third Party Action.

19. Upon information and belief, Edgemere and Monadnock are additional insureds under the Westchester Fire policy.

20. The additional insured coverage provided to Edgemere and Monadnock under the Westchester Fire policy is primary to any coverage available to these entities under the American Empire policy.

21. Upon information and belief, Westchester Fire was provided with timely notice of the occurrence, claim and/or suit in connection with Maternik's alleged injuries by Gateway.

22. Although Westchester Fire has been provided with timely notice and is obligated to provide a defense, it has refused to provide the same and elected to abandon its obligations to Edgemere and Monadnock.

23. Upon information and belief, Westchester Fire disputes or will dispute its obligations to Edgemere and Monadnock with respect to the claims at issue in the Underlying Action.

24. An actual controversy currently exists between American Empire and Westchester Fire with respect to the defense and indemnification of Edgemere and Monadnock in the Underlying Action.

## AS AND FOR A FIRST CAUSE OF ACTION

25. Great American repeats, reiterates and realleges each and every allegation set forth in Paragraph "1" through "24" as though fully set forth at length herein.

26. Pursuant to the terms and conditions of the Westchester policy, including, but not limited to, the Additional Insured – Owners, Lessees or Contractors Endorsement, Westchester Fire is under an obligation to provide coverage in connection with the Underlying Action.

27. Westchester Fire is obligated to defend and indemnify Edgemere and Monadnock with respect to the Underlying Action, but has failed and/or refused to do so.

28. American Empire is currently defending Monadnock and Edgemere in the Underlying Action.

29. The coverage provided by American Empire is excess to, *inter alia*, any other primary insurance affording coverage to Edgemere and Monadnock for the claims at issue in the Underlying Action, including the Westchester Fire policy.

30. American Empire is subrogated to the rights of Edgemere and Monadnock under the Westchester Fire policy.

31. American Empire is entitled to judgment in the form of a declaration that its obligations, if any, under the American Empire policy, with respect to the defense and indemnification of Edgemere and Monadnock in the Underlying Action, are excess to those of Westchester Fire, and Westchester Fire has, and at all relevant times had an immediate duty to

defend and indemnify Edgemere and Monadnock under the terms of the Westchester Fire policy as additional insureds with respect to the claims in the Underlying Action.

      32.    American Empire has no adequate remedy at law.

WHEREFORE, American Empire demands judgment as follows:

      (a)    That this Court determine and declare that Westchester Fire is obligated to defend and indemnify Edgemere and Monadnock with respect to the Underlying Action on a primary basis and, further, that any obligations otherwise owed by American Empire with respect thereto are excess to those of Westchester Fire;

      (b)    That this Court declare that coverage under the American Empire policy is not implicated until exhaustion of the Westchester Fire policy and, therefore, American Empire is entitled to reimbursement from Westchester Fire of the amount it has expended in connection with the defense of the Underlying Action;

      (c)    That American Empire be awarded the costs and disbursements of this action; and

      (d)    That American Empire shall have such other, further and different relief as the Court may deem just and proper.

DATED:    Garden City, New York
                February 5, 2008

                                                                                             RICHARD P. BYRNE (RB 2700)