File: 13336

LUSTIG & BROWN, LLP
*Attorneys for defendant*
*Westchester Fire Insurance Company*
150 Grand Street, 5th Floor
White Plains, New York 10601
Telephone (212) 832-3235
Facsimile (212) 832-3155 (not for service)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY,

Plaintiff,

-against-

WESTCHESTER FIRE INSURANCE COMPANY and GRZEGORZ MATERNIK

Defendants.

**ANSWER**

Docket No. 08-CV-1208

Hon. William H. Pauley, USDJ

Defendant WESTCHESTER FIRE INSURANCE COMPANY ("WESTCHESTER" or "defendant"), by attorneys LUSTIG & BROWN, LLP, as and for an ANSWER to the Complaint of Plaintiffs AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY, hereby aver(s) upon information and belief:

**RESPONDING TO THE ALLEGATIONS REGARDING PARTIES**

1. Defendant WESTCHESTER denies knowledge or information sufficient to form a belief as to the allegations of paragraph 1.

2. Defendant WESTCHESTER denies the allegations of paragraph 2, except admits

that defendant Westchester Fire Insurance Company is a domestic insurer duly authorized to issue policies of insurance in the State of New York.

3. Defendant WESTCHESTER denies knowledge or information sufficient to form a belief as to the allegations of paragraph 3.

**RESPONDING TO THE ALLEGATIONS REGARDING JURISDICTION**

4. Defendant WESTCHESTER denies knowledge or information sufficient to form a belief as to the allegations of paragraph 4.

5. Defendant WESTCHESTER denies knowledge or information sufficient to form a belief as to the allegations of paragraph 5.

**RESPONDING TO THE ALLEGATIONS REGARDING INSURANCE COVERAGE**

6. Defendant WESTCHESTER denies knowledge or information sufficient to form a belief as to the allegations of paragraph 6.

7. Defendant WESTCHESTER denies the allegations of paragraph 7, except admits that Westchester issued a Commercial General Liability insurance policy to Gateway Demolition Corp. ("Gateway"), bearing Policy No. GLW-779005-1/000, for the period May 9, 2004 to May 9, 2005, fully subject to all its terms and conditions.

8. Defendant WESTCHESTER denies the allegations of paragraph 8 and refers to the terms of the policy and/or contracts.

9. Defendant WESTCHESTER denies knowledge or information sufficient to form a belief as to the allegations of paragraph 9.

**RESPONDING TO THE ALLEGATIONS REGARDING FACTS**

10. Defendant WESTCHESTER denies knowledge or information sufficient to form a belief as to the allegations of paragraph 10.

11. Defendant WESTCHESTER denies knowledge or information sufficient to form a belief as to the allegations of paragraph 11.

12. Defendant WESTCHESTER denies knowledge or information sufficient to form a belief as to the allegations of paragraph 12.

13. Defendant WESTCHESTER denies knowledge or information sufficient to form a belief as to the allegations of paragraph 13.

14. Defendant WESTCHESTER denies knowledge or information sufficient to form a belief as to the allegations of paragraph 14.

15. Defendant WESTCHESTER denies knowledge or information sufficient to form a belief as to the allegations of paragraph 15.

16. Defendant WESTCHESTER denies knowledge or information sufficient to form

a belief as to the allegations of paragraph 16.

17. Defendant WESTCHESTER denies knowledge or information sufficient to form a belief as to the allegations of paragraph 17.

18. Defendant WESTCHESTER denies the allegations of paragraph 18, except admits that WESTCHESTER is providing for the defense of Gateway in the Third Party Action, fully subject to all the terms and conditions of its policy.

19. Defendant WESTCHESTER denies the allegations of paragraph 19.

20. Defendant WESTCHESTER denies the allegations of paragraph 20.

21. Defendant WESTCHESTER denies the allegations of paragraph 21.

22. Defendant WESTCHESTER denies the allegations of paragraph 22.

23. Defendant WESTCHESTER denies the allegations of paragraph 23, and any obligation to Edgemere and Monadnock with respect to the claims at issue in the Underlying Action, except admits that WESTCHESTER has duly, properly and validly denied any obligations to Edgemere and Monadnock with respect to the claims at issue in the Underlying Action.

24. Defendant WESTCHESTER denies the allegations of paragraph 24.

**ANSWERING THE FIRST CAUSE OF ACTION**

25. Defendant WESTCHESTER repeats, reiterates and realleges each of the foregoing responses as to the respective allegations reiterated in paragraph 25.

26. Defendant WESTCHESTER denies the allegations of paragraph 26.

27. Defendant WESTCHESTER denies the allegations of paragraph 27, except admits that WESTCHESTER has duly, properly and validly denied any obligations to Edgemere and Monadnock with respect to the claims at issue in the Underlying Action.

28. Defendant WESTCHESTER denies knowledge or information sufficient to form a belief as to the allegations of paragraph 28.

29. Defendant WESTCHESTER denies the allegations of paragraph 29.

30. Defendant WESTCHESTER denies knowledge or information sufficient to form a belief as to the allegations of paragraph 30.

31. Defendant WESTCHESTER denies the allegations of paragraph 31.

32. Defendant WESTCHESTER denies the allegations of paragraph 32.

## AS AND FOR ITS AFFIRMATIVE DEFENSES

**FIRST**

33. Subject to further discovery and investigation, Defendant WESTCHESTER asserts and does not waive the defenses that the action is barred because there is a defense is founded upon documentary evidence; and/or the party asserting the cause of action lacks standing, or has no legal capacity to sue; and/or the cause of action may not be maintained because of arbitration and award, collateral estoppel, discharge in bankruptcy, infancy or other disability of the moving party, payment, release, res judicata, statute of limitations, or statute of frauds; and/or there is another action pending between the same parties for the same cause of action in this or another court.

**SECOND**

34. The alleged underlying contract of indemnity is void by operation of General Obligations Law §5-322.1, etc.

**THIRD**

35. The complaining parties failed to mitigate damages and/or in the alternative, these responding parties shall have the benefit and offset of any amounts that were or should have been mitigated.

**FOURTH**

36. The complaining pleading fails to state a cause of action for which relief can be granted inasmuch as the complaint fails to set forth the terms of the contract alleged to be breached, nor any manner in which the policy has been breached, nor plaintiff's compliance with policy terms and satisfaction of conditions.

**FIFTH**

37. A contractual and/or statutory condition precedent to bringing suit has not been satisfied, including, *inter alia*, the policy terms contained in the section entitled: "Legal Action Against Us."

**SIXTH**

38. The alleged insurance policy is excess to or contributing with other insurance available to the complaining parties, which other insurance has priority to any amount that might be owed by the party pleading herein, which obligation is hereby denied.

**SEVENTH**

39. Plaintiffs have no privity with Defendant and/or do not qualify as insureds and/or additional insureds under the alleged policy.

40. Plaintiff's subrogees have no privity with Defendant and/or do not qualify as insureds and/or additional insureds under the alleged policy since there are outstanding questions of fact regarding, and/or plaintiffs have failed to timely provide to defendant, an adequate underlying contract to procure insurance between the defendant's named insured and the the plaintiff's subrogor; and/or said agreement does not extend to accidents of the primary insured's employees; and/or the accident arises out of the sole negligence of the alleged additional insureds or other non-parties.

**EIGHTH**

41. The relevant policy contains the following terms and conditions:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

**2.    Duties in The Event of Occurrence, Offense, Claim Or Suit**
    **a.**    You must see to it that we are notified as soon as practicable of an

        "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

**(1)** How, when and where the "occurrence" or offense took place;

**(2)** The names and addresses of any injured persons and witnesses; and

**(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.** If a claim is made or "suit" is brought against any insured, you must:

**(1)** Immediately record the specifics of the claim or "suit" and the date received; and

**(2)** Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.** You and any other involved insured must:

**(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

**(2)** Authorize us to obtain records and other information;

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

**(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

**d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

42. The complaining parties and their subrogors have failed to comply with any of the cited policy provisions.

**<u>NINTH</u>**

43. The claim is barred by the doctrine of "voluntary payment" in that the plaintiff's alleged loss and/or damage, or that of its subrogees, was incurred voluntarily and cannot be claimed from the defendants.

**TENTH**

44. Defendant denies coverage and in any event disclaims coverage, to all insureds and interested persons, other than its primary named insured, due to violation of the terms and conditions of its policies, and as such, defendant will not provide a defense nor indemnification, nor any other manner of insurance coverage to any interested party for the alleged claims.

45. Defendant is not waiving any policy defenses, which may now exist or which may become known later, under this or any other policy implicated by the alleged events, which policy may hereafter be identified or discovered. All rights and defenses Defendant may hereafter have or discover under all the terms, conditions, exclusions, insuring agreements and provisions of any relevant policy are hereby reserved.

**WHEREFORE**, the answering DEFENDANT, WESTCHESTER FIRE INSURANCE COMPANY, demands judgment as follows:

i. Dismissing all claims and causes of action asserted against it/them;

ii. Granting judgment based upon the affirmative defenses; and

iii. Granting such other and further relief in favor of the Defendant as this Court deems just and equitable.

Dated: New York, New York
March 19, 2008

LUSTIG & BROWN, LLP
S/
By: James M. Haddad (JH6783)
*Attorneys for Defendant*

*Westchester Fire Insurance Company*
150 Grand Street, 5th Floor
White Plains, New York 10601
Telephone (212) 832-3235
Facsimile (212) 832-3155 (not for service)
Email: jhaddad@lustigbrown.com
Please Reference Our File: 13336

TO:

    Richard P. Byrne, Esq.
    L'Abbate, Balkan, Colavita & Contini, LLP
    1001 Franklin Avenue, 3rd Floor
    Garden City, NY 11530
    Tel.: (516) 294-8844
    Fax: (516) 294-8202
    rbyrne@lbcclaw.com

    Electronically Filed with Court via ECF

    Original to our file

    Courtesy Copy to Hon. William H. Pauley, III, USDJ, United States Courthouse, 500 Pearl Street, Room 2210, New York, NY 10007

216552.1