File: 13336

LUSTIG & BROWN, LLP
*Attorneys for defendant*
  *Westchester Fire Insurance Company*
150 Grand Street, 5th Floor
White Plains, New York 10601
Telephone (212) 832-3235
Facsimile (212) 832-3155 (not for service)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMERICAN EMPIRE SURPLUS LINES INSURANCE
COMPANY,

           Plaintiff,

   -against-

WESTCHESTER FIRE INSURANCE COMPANY and
GRZEGORZ MATERNIK

           Defendants.

---

**DISCOVERY DEMANDS**

Docket No. 08-CV-1208

Hon. William H. Pauley, USDJ

TO ALL PARTIES:

 Defendant WESTCHESTER FIRE INSURANCE COMPANY ("WESTCHESTER" or "defendant"), by attorneys LUSTIG & BROWN, LLP, as and for its discovery demands directed to all adverse parties, pursuant to the FRCP and local rules of court, hereby sets forth as follows:

**NOTICE FOR DISCOVERY AND INSPECTION**

 PLEASE TAKE NOTICE that, pursuant to FRCP 34, you are hereby required to produce for discovery and inspection and/or photocopying, at the offices of Lustig & Brown, LLP, 150 Grand Street, 5th Floor, White Plains, New York 10601, within twenty (20) days of the date of service hereof, at 9:30 a.m., the following:

**I.     DEFINITIONS**

The definitions provided in the FRCP and Local Rule 26.3 shall apply. In addition, the following definitions shall apply to this notice, and the definitions and instruction thereto:

1. "You" or "yours" refers to the parties to whom this notice for discovery and inspection is addressed and any representative of that party or entity is under its control, direction or supervision.

2. "Underlying action" means the action entitled *Grzegorz Maternik v. Edgemere By-The-Sea Corp. and Monadnock Construction, Inc.*, (Index No. 18148/05), in the Supreme Court of the State of New York, Kings County, and any other actions, suits, or proceedings that have been or may hereafter be initiated arising from the same events or transactions ("*underlying action*").

3. "Underlying accident" means the accident and/or events and/or occurrences alleged by Grzegorz Maternik to have occurred on or about November 15, 2004, at or near 40-11 Beach Channel Drive, giving rise to the herein or underlying plaintiff to give rise to the claims at issue in the underlying action.

4. "Underlying plaintiff" means Grzegorz Maternik and any derivative plaintiffs.

5. "The jobsite" means the premises of 40-11 Beach Channel Drive, Queens, New York, and surrounding and appurtenant areas and or any place where underlying plaintiff claims his employer was working at the time of the underlying accident.

**II.     INSTRUCTIONS**

1. When information or documents are requested, such request includes all information or documents in the possession, custody, control or knowledge of your representatives, agents, servants or attorneys.

2. If any item of this notice for discovery and inspection calls for identification of a document that has been destroyed, discarded, misplaced or is no longer in your possession, custody or control, such document shall be identified further by describing:

    a. the nature of the document;

    b. the person or persons to whom such document was addressed or intended, including any indicated or blind copies;

    c. the identity of the authors of such document;

    d. the subject matter of such document, as well as the number of pages and all appendices or attachments thereto;

    e. the identity of the person most knowledgeable as to the subject matter of the document, as well as the identify of all other persons with knowledge of the subject matter of the document;

    f. the date and manner of destruction or discard of such document; and

    g. the reason, if any, for the destruction or discard of such document and the identity of the person or persons who authorized and who carried out such destruction or discard.

3. If you assert a privilege with respect to any meeting, communication, act or document, describe the nature of the privilege, the basis for asserting it and identify the privileged meeting, communication, act or document (by date, author, addresses, number of

pages, nature of document and attachments).

  4. If you interpose an objection as to any of these items included in this notice for discovery and inspection, the nature of the objection should be set forth and explained fully. Insofar as any portion of any of the notice for discovery and inspection to which and objection is interposed is not objectionable, that portion should be answered fully.

  5. If you contend that it would be unreasonably burdensome to obtain and provide all information called for in response to any request or subpart thereof, then as to that request or subpart:

   a. set forth all information that is available without unreasonable burden; and

   b. describe with particularly the efforts made to secure any information the provision of which you claim would be an unreasonable burden.

  6. Pursuant to CPLR 3122(c), the documents shall produce them as they are kept in the regular course of business or shall organize and label them to correspond to the categories in the request.

  7. In the event that the responding party provides photocopies of the original documents, the originals shall be maintained in good order for inspection at any time by the demanding party and for use at trial.

  8. The FRDP and local rules of court shall apply and shall supersede any of the foregoing to the extent that they may be in conflict.

### III. DISCOVERY DEMANDS

  1. Full and complete copies of all commercial liability insurance policies covering (a) City of New York; and/or (b) Edgemere By-the-Sea Corp. ("Edgemere"); and/or (c) Monadnock Construction, Inc. ("Monadnock"), as a named insured or an insured.

2. Full and complete copies of all commercial liability insurance policies covering, or alleged or said to cover (a) City of New York ("City"); and/or (b) Edgemere By-the-Sea Corp. ("Edgemere"); and/or (c) Monadnock Construction, Inc. ("Monadnock"); and/or (d) Gateway Demolition Corp. ("Gateway"), as an additional insured, by name or by blanket coverage, or by implication or construction.

3. Copies of all letters, memoranda, accident reports, notes, diaries, reports, logs, files, communications mentioning or referring to the underlying accident.

4. All documents, notices, communications, or data, from the period November 15, 2004 to October 30, 2005 whereby the following persons or entities claim to have received first awareness or knowledge of underlying accident: (a) City of New York ("City"); and/or (b) Edgemere By-the-Sea Corp. ("Edgemere"); and/or (c) Monadnock Construction, Inc. ("Monadnock"); and/or (d) Gateway Demolition Corp. ("Gateway").

5. The names, titles, and addresses of all persons employed by the following persons or entities who heard about or received any information regarding the underlying accident during the period November 14, 1004 to October 31, 2005: (a) City; and/or (b) Edgemere; and/or (c) Monadnock; and/or (d) Gateway.

6. Full and complete copies of all letters, memoranda, notices or other written communications, notice, or tenders whereby each of the following provided initial notice of occurrence of the underlying accident to Westchester Fire Insurance Company ("Westchester").

7. Full and complete copies of all letters, memoranda, notices or other written communications, notice, or tenders whereby each of the following provided initial notice of the underlying action to Westchester.

8. Full and complete copies of all complaints, answers, bills of particulars, discovery demands, discovery responses, deposition transcripts, motions and other legal papers relating to the underlying action.

9. Full and complete copies of all legal or other bills for which any complaining party seeks recovery.

10. All contracts of City, Edgemere, Monadnock and Gateway related to the work of these parties at the jobsite.

11. Copies of all statements of the party(ies) serving this demand, its agents, servants or employees including any oral stenographic or electronic or written statements whether signed or unsigned or notice that you have no such statements.

12. The identity of each person whom you expect to call as an expert witness at the trial of the above captioned action. As to each person specify the name and qualifications of the expert, the subject matter upon which the expert is expected to testify, substance of the facts and opinions the expert is expected to testify about and the grounds for each expert's opinion.

13. All photographs/videos of the accident scene and all photographs/videos showing the alleged injuries, events, occurrences, property damage, street work, sewer work, etc. as described in the pleadings herein or in the underlying action.

14. All tangible objects or physical evidence in the possession or control of any parties hereto, and relevant to the circumstances alleged in the underlying complaint.

15. Copies of accident reports related to the underlying accident.

16. In a construction accident case, all job logs, daily logs, safety logs, safety meeting minutes, progress reports, progress photos, for the work at issue for the period of 60 days prior to accident to 60 days after accident; accident and incident reports referring to the alleged accident;

contracts and subcontracts related to the work at issue including all change orders; designs, plans, blueprints for the work at issue; permits for the work at issue. This demand includes all documents within the access and control of plaintiff.

17. The same demand as in 16, above, except to include all documents that can be available to plaintiff through the exercise of its contractual or equitable rights of subrogation and/or cooperation from its insured or subrogor or its or their attorneys, servants or agents.

18. Copies of all workers' compensation records related to the underlying accident and available to any party.

### DEMAND FOR NAMES AND ADDRESSES OF WITNESSES

PLEASE TAKE NOTICE that the defendant demands that you set forth in writing, under oath, and serve upon the undersigned within twenty (20) days of this date:

1. The names and addresses and telephone numbers of each person known or claimed by you or any party you represent in this action to be a witness to:

   (a) The happening of the underlying accident;

   (b) any oral notice of the underlying accident to Westchester Fire, during the period November 14, 2004 to October 31, 2005

   (c) Any breach of contract by Westchester Fire

2. The names and addresses and telephone numbers of any person who will or may be a witness to or whose testimony or statements will be relied upon concerning any admission allegedly made by any party.

3. The names and addresses and telephone numbers of any person who will or may be a witness to or possess knowledge or information of facts relevant to the occurrences and events that are the subject of this litigation.

PLEASE TAKE FURTHER NOTICE, that appropriate motions will be made at the trial of this action to preclude the testimony of any witness to the above described facts and

circumstances who is not identified by you in response to this notice.

## INTERROGATORIES

Pursuant to FRCP 33 and Rule 33.3 of the local rules of court, you are hereby requested to provide sworn answers in writing to each of the following interrogatories within thirty days of the date of service hereof.

1. Provide the names of witnesses believed or known to possess knowledge or information relevant to the subject matter of the action.

2. Provide a computeation of each category of damage alleged.

3. Identify the existence, custodian, location and general description of relevant documents, including but not limited to the deed for the premises where the accident occurred at the time it occurred; the insurance agreements of Edgemere, City and Monadnock; the contracts between City, Edgemere and Monadnock relative to the subject matter of the lawsuit; the records of the underlying accident; and the records of insurance claims to any liability and/or workers compensation insurer related to the underlying accident.

Dated: New York, New York
April 29, 2008

LUSTIG & BROWN, LLP
_S/_____
By: James M. Haddad (JH6783)
*Attorneys for Defendant*
*Westchester Fire Insurance Company*
150 Grand Street, 5th Floor
White Plains, New York 10601
Telephone (212) 832-3235
Facsimile (212) 832-3155 (not for service)
Email: jhaddad@lustigbrown.com
Please Reference Our File: 13336

TO:

    Richard P. Byrne, Esq./Jillian Menna
    L'Abbate, Balkan, Colavita & Contini, LLP
    1001 Franklin Avenue, 3rd Floor
    Garden City, NY 11530
    Tel.: (516) 294-8844
    Fax: (516) 294-8202
    rbyrne@lbcclaw.com

    Electronically Filed with Court via ECF

    Original to our file

218219.1