**LB&C**

Jillian Menna
Associate
jmenna@lbcclaw.com

Attorneys at Law
L'Abbate, Balkan, Colavita & Contini, L.L.P.
1001 Franklin Avenue, Garden City, New York 11530
T. 516.294.8844  F. 516.294.8202
www.lbcclaw.com

May 9, 2008

**VIA ECF & REGULAR MAIL**

Honorable William H. Pauley III
United States District Court
Southern District of New York
500 Pearl Street, Room 2210
New York, New York 10007

> Re: <u>American Empire Surplus Lines Insurance Company v. Westchester Fire Insurance Company and Grzegorz Maternik</u>
> Docket No. : 08-CV-1208
> Our File No.: 07 422 92956

Honorable Judge Pauley,

      We represent the plaintiff, American Empire Surplus Lines Insurance Company ("American Empire"), in connection with the above-referenced matter.

      We write, pursuant to your Individual Practices regarding motions, to respectfully request that the Initial Conference scheduled for Friday, May 16, 2008 at 12:00 p.m. also serve as a pre-motion conference to provide plaintiff with permission to submit a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. In this regard and as further discussed below, the underlying litigation at issue in this insurance coverage matter is set to begin trial on June 12, 2008. Furthermore, in light of the fact that the issues before the Court in this matter solely present questions of law, and both American Empire and the defendant, Westchester Fire Insurance Company ("Westchester Fire"), are in possession of all documents necessary to both support and oppose such a motion, we respectfully request permission to proceed.

      This matter involves an underlying lawsuit commenced by the plaintiff, Grzegorz Maternik, against the defendants, Edgemere By-The-Sea Corp. ("Edgemere") and American Empire's named insured, Monadnock Construction, Inc. ("Monadnock"). Maternik is seeking damages for bodily injuries he allegedly sustained on November 15, 2004, while he was working at a construction site located at 40-11 Beach Channel Drive, Rockaway, New York ("the Premises"). In this regard, it is specifically alleged that Maternik was injured when, while performing demolition work on the roof of the Premises, a section of the roof collapsed, causing him to fall. Edgemere, the owner of the Premises, hired Monadnock as the general contractor for the construction project. Monadnock, in turn, subcontracted with Westchester Fire's insured, Gateway Demolition Corp. ("Gateway"), to perform certain demolition work. The plaintiff was an employee of Gateway.

On June 18, 2005, the plaintiff commenced the underlying action, entitled: *"Grzegorz Maternik v. Edgemere By-The-Sea Corp., et al."* (Index No. 18148-05*)*, in the Supreme Court of the State of New York, Kings County. In sum, the Complaint alleges common law negligence and violations of Sections 200, 240 and 241 of the New York Labor Law.

On or about December 15, 2005, the defendants filed a Third-Party Complaint against Gateway (Index No. 76287-05), setting forth the following causes of action: (i) common law indemnification and/or contribution; (ii) contractual indemnification; and, (iii) breach of contract for failure to obtain insurance.

American Empire first received notice of Maternik's claim in June 2005, upon receipt of his complaint. Thereafter, American Empire retained defense counsel to represent both Monadnock and Edgemere (as an additional insured under the American Empire policy). On October 6, 2005, defense counsel for Edgemere and Monadnock issued correspondence to Westchester Fire, Gateway's primary insurance carrier, tendering the defense and indemnification of both Edgemere and Monadnock. On October 19, 2005, Westchester Fire sent responsive correspondence stating that it required the contractual documentation between the entities in order to determine the additional insured status of the tendering parties and that, based upon the tender letter only, it was denying the request for a defense and indemnification. In addition, Westchester Fire also noted that even if the tendering parties were deemed additional insureds under the policy issued to Gateway, it had not received timely notice of the occurrence. In this regard, Westchester Fire contended that although the loss occurred on November 15, 2004 and the complaint was filed in June 2005, the tender was not made until October 6, 2005, approximately four months from the filing of the complaint and almost one year from the date of the occurrence. In conclusion, Westchester Fire stated that it would agree to review any documentation that was submitted, however, such agreement was not to be construed as an admission of coverage.[1]

Thereafter, as noted above, on December 15, 2005, a third-party action was commenced against Gateway. Although Westchester Fire stated that the tender on behalf of Edgemere and Monadnock was its first notification of the occurrence and first notification of the suit, Westchester Fire provided (and is still providing) Gateway with a defense in the underlying third-party action, which gives rise to the inference that Gateway provided Westchester Fire with timely notice.

On July 11, 2007, we issued correspondence to Westchester stating that American Empire disagreed with Westchester's position that there is no coverage for Monadnock and Edgemere based upon their purported late notice. We informed Westchester Fire that, under New York law, timely notice by a named insured is applicable to an additional insured, as long as their interests are not adverse, and even if the additional insured does not provide its own

---

[1] We note that defense counsel also tendered the defense and indemnification of Edgemere and Monadnock to Westchester Fire under Gateway's Commercial Umbrella liability policy. On December 9, 2005, Westchester Fire responded, informing defense counsel that it had no obligation to provide a defense for Edgemere or Monadnock, and that obligation "may belong to" Gateway's primary insurer. Westchester Fire also requested contractual documentation in order to determine whether there was any basis under which Edgemere and Monadnock qualified as additional insureds under the Commercial Umbrella liability policy.



independent notice.

In this regard, in Rosen v. City of New York, 245 A.D.2d 202, 666 N.Y.S.2d 594 (1st Dep't 1997), the court found that the insurer, which had disclaimed coverage based upon a lack of timely notice by an additional insured, had disclaimed coverage prior to the additional insureds having asserted any claims against the named insured. Therefore, according to the Court, at the time of the disclaimer, the notice given by the named insured was applicable as well to the additional insured because there were no claims between the named and additional insured at the time notice was given. In addition, in New York Telephone Co. v. Travelers Cas. and Sur. Co. of America, 280 A.D.2d 268, 719 N.Y.S.2d 648 (1st Dep't 2001), the court found that the forwarding of the Summons and Complaint by the named insured in an underlying personal injury action constituted timely notice on behalf of the additional insured, considering that the additional insured was the only party under the policy against whom the Summons and Complaint had been served. The Court provided, that "inasmuch as [the named insured's] interests were not adverse to those of [the additional insured] at the time the Summons and Complaint were forwarded to Travelers, the notice provided by the named insured…sufficed to defeat the carrier's affirmative defense of late notice." See also Ambrosio v. Newburgh Enlarged City School District, 5 A.D.3d 410, 774 N.Y.S.2d 153 (2d Dep't 2004).

As such, we advised Westchester Fire that the timely notice provided to it by Gateway (again, which is evident from Westchester's acceptance of Gateway's defense and indemnification in the third-party action) is applicable to both Monadnock and Edgemere. We then demanded that Westchester withdraw its declination of coverage to Monadnock and Edgemere and to acknowledge its coverage responsibility. Westchester Fire, however, has repeatedly failed to do so. This action was therefore commenced, seeking an adjudication that the timely notice provided by Gateway to Westchester Fire is applicable to both Edgemere and Monadnock as additional insureds and confirmation of their entitlement to coverage under the Westchester Fire policy.

We note that we have communicated with defense counsel with respect to preparing a Case Management Plan pursuant to Rules 16 and 26(f); however, since the underlying trial is scheduled to commence on June 12, 2008, and the only issues in this action are questions of law, we are respectfully requesting permission to file a Motion for Summary Judgment.

Thank you for your attention to this matter.

Respectfully submitted,

L'ABBATE BALKAN COLAVITA
& CONTINI, LLP

Jillian Menna (JM 5708)

cc: James H. Haddad, Esq.

