IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
AMERICAN EMPIRE SURPLUS LINES
INSURANCE COMPANY                                  :   Docket No. 08-CV-1208 (WHP)
                                                   :
                        Plaintiff,                 :
                                                   :
         -against-                                 :
                                                   :
WESTCHESTER FIRE INSURANCE COMPANY                 :
and GRZEGORZ MATERNIK                              :
                                                   :
                        Defendants.                :
                                                   :
-----------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF THE
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

                                             Respectfully Submitted,

                                             L'ABBATE, BALKAN, COLAVITA
                                             & CONTINI, LLP
                                             Attorneys for Plaintiff
                                             American Empire Surplus Lines
                                             Insurance Company
                                             1001 Franklin Avenue
                                             Garden City, New York 11530
                                             (516) 294-8844
                                             File No: 07 422 92956

Of Counsel:
Jillian Menna (JM 5708)

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT……………………………………………………….. 4

STATEMENT OF FACTS………………………………………………………......... 4

ARGUMENT…………………………………………………………………………... 5

    I.     UNDER NEW YORK LAW GATEWAY'S NOTICE
         TO WESTCHESTER FIRE IS APPLICABLE
         MONADNOCK CONSTRUCTION, INC AND
         TO BOTH EDGEMERE BY-THE-SEA CORP…………………………... 6

    II.    ADDITIONAL INSURED COVERAGE UNDER THE
         WESTCHESTER FIRE POLICY FOR MONADNOCK
         CONSTRUCTION, INC. AND EDGEMERE
         BY-THE-SEA CORP. IS PRIMARY AND MUST
         EXHAUST PRIOR TO THE IMPLICATION OF
         COVERAGE UNDER THE AMERICAN EMPIRE POLICY…………….. 7

CONCLUSION…………………………………………………………………….. 10

# TABLE OF AUTHORITIES

**Cases**                                                                                     **Page**

Alvarez v. Prospect Hospital, 68 N.Y.2d 320, 324, 508 N.Y.S.2d 923, 925 (1986)................ 5

Ambrosio v. Newburgh Enlarged City School District, 5 A.D.3d 410,
774 N.Y.S.2d 153 (2d Dep't 2004)............................................................................... 6

American Realty Co. v. 64 B Venture, 176 A.D.2d 226, 574 N.Y.S.2d 344
(1st Dep't
1991)................................................................................................................ 5

American Savings Bank, FSB v. Imperato, 159 A.D.2d 444, 553 N.Y.S.2d 126
(1st Dep't 1990)............................................................................................................ 5

Buckley & Company, Inc. v. City of New York, 121 A.D.2d 933, 505 N.Y.S.2d 140
(1st Dep't 1986)............................................................................................................ 5

Cheektowaga Central School District et al. v. Burlington Ins. Co.,
32 A.D.3d 1265, 822 N.Y.S.2d 213 (4th Dep't 2006)............................................... 7-8

Gilbert Frank Corp. v. Federal Ins. Co., 70 N.Y.2d 966, 525 N.Y.S.2d 793
(1988)............................................................................................................................ 5

Harleysville Ins. Co. v. Travelers Ins. Co., et al., 38 A.D.3d 1364, 831 N.Y.S.2d 625
(4th Dep't 2007).......................................................................................................... 8

Kornfeld v. NRX Technologies, Inc., 62 N.Y.2d 686, 476 N.Y.S.2d 523 (1984)................... 5

McIntyre v. State, 142 A.D.2d 856, 530 N.Y.S.2d 898 (3d Dep't 1988)............................. 5

New York Telephone Co. v. Travelers Cas. and Sur. Co. of America, 280 A.D.2d 268, 719
N.Y.S.2d 648 (1st Dep't 2001)...................................................................................... 6

Rosen v. City of New York, 245 A.D.2d 202, 666 N.Y.S.2d 594 (1st Dep't 1997)................ 6

U.S. 7 Inc. v. Transamerica Ins. Co., 173 A.D.2d 311, 569 N.Y.S.2d 696
(1st Dep't 1991)............................................................................................................ 5

Whelan by Whelan v. GTE Sylvania, Inc., 182 A.D.2d 446, 582 N.Y.S.2d 170
(1st Dep't 1992)............................................................................................................ 5

## PRELIMINARY STATEMENT

The Plaintiff, American Empire Surplus Lines Insurance Company ("American Empire"), submits this Memorandum of Law in support of its Motion for Summary Judgment seeking a declaration as to the existence of coverage under a Commercial General Liability insurance policy issued by the Defendant, Westchester Fire Insurance Company ("Westchester Fire"), for the claims asserted against Monadnock Construction, Inc. ("Monadnock") and Edgemere By-The-Sea Corp. ("Edgemere") in the action entitled: "Grzegorz Maternik v. Edgemere By-The-Sea Corp., et al." (Index No. 18148-05), which is pending in the Supreme Court of the State of New York, Kings County (the "Underlying Action").

Westchester Fire has and continues to refuse to provide Monadnock and Edgemere with additional insured coverage in connection with the Underlying Action, claiming that it did not receive timely notice of the matter in violation of its policy terms and conditions. However, American Empire's Motion for Summary Judgment should be granted because under New York law, notice by a named insured is applicable to an additional insured, as long as their interests are not adverse.

## STATEMENT OF FACTS

The statement of facts is set forth in the Declaration of James J. McGuire, sworn to the 30th day of May, as well as the Rule 56.1 Statement and will not be repeated herein. The Court is respectfully referred to those documents filed simultaneously with this Memorandum of Law.

## ARGUMENT

An award of summary judgment is appropriate where, as here, no genuine issue of fact exists with respect to the material issues in the case. Kornfeld v. NRX Technologies, Inc., 62 N.Y.2d 686, 476 N.Y.S.2d 523 (1984); American Savings Bank, FSB v. Imperato, 159 A.D.2d 444, 553 N.Y.S.2d 126 (1st Dep't 1990). "A motion for summary judgment does not direct the Court's attention to the sufficiency of the pleadings, but, rather, to the factual basis for the action or defense." Buckley & Company, Inc. v. City of New York, 121 A.D.2d 933, 505 N.Y.S.2d 140 (1st Dep't 1986); McIntyre v. State, 142 A.D.2d 856, 530 N.Y.S.2d 898 (3d Dep't 1988).

Once the party moving for summary judgment tenders sufficient evidence to demonstrate the absence of any material issue of fact, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact requiring a trial. Gilbert Frank Corp. v. Federal Insurance Company, 70 N.Y.2d 966, 525 N.Y.S.2d 793 (1988); Alvarez v. Prospect Hospital, 68 N.Y.2d 320, 324, 508 N.Y.S.2d 923, 925 (1986). The issues of fact must be shown to be real, not feigned, since a frivolous issue will not preclude summary relief. American Realty Co. v. 64 B Venture, 176 A.D.2d 226, 574 N.Y.S.2d 344 (1st Dep't 1991). As such, mere conclusions or unsubstantiated allegations are insufficient to raise a triable issue of fact. Whelan by Whelan v. GTE Sylvania, Inc., 182 A.D.2d 446, 582 N.Y.S.2d 170 (1st Dep't 1992); U.S. 7 Inc. v. Transamerica Insurance Co., 173 A.D.2d 311, 569 N.Y.S.2d 696 (1st Dep't 1991).

I.  **UNDER NEW YORK LAW GATEWAY'S NOTICE TO WESTCHESTER FIRE IS APPLICABLE TO BOTH MONADNOCK AND EDGEMERE**

Under New York law, notice by a named insured is applicable to an additional insured, as long as their interests are not adverse. In Rosen v. City of New York, 245 A.D.2d 202, 666 N.Y.S.2d 594 (1st Dep't 1997), the court found that the insurer, which had disclaimed coverage based upon a lack of timely notice by an additional insured, had disclaimed coverage prior to the additional insureds having asserted any claims against the named insured. Therefore, according to the court, at the time of the disclaimer, the notice given by the named insured was applicable as well to the additional insureds because there were no claims between the named and additional insureds at the time notice was given. In addition, in New York Telephone Co. v. Travelers Cas. and Sur. Co. of America, 280 A.D.2d 268, 719 N.Y.S.2d 648 (1st Dep't 2001), the court found that the forwarding of the Summons and Complaint by the named insured in an underlying personal injury action constituted timely notice on behalf of the additional insured, considering that the additional insured was the only party under the policy against whom the Summons and Complaint had been served. The Court provided, that "inasmuch as [the named insured's] interests were not adverse to those of [the additional insured] at the time the Summons and Complaint were forwarded to Travelers, the notice provided by the named insured…sufficed to defeat the carrier's affirmative defense of late notice." See also Ambrosio v. Newburgh Enlarged City School District, 5 A.D.3d 410, 774 N.Y.S.2d 153 (2d Dep't 2004).

On October 6, 2005, defense counsel for Monadnock and Edgemere issued correspondence to Gateway tendering the defense and indemnification of both Monadnock and Edgemere. In response, Westchester Fire wrote to defense counsel on October 19, 2005, acknowledging that "on October 6, 2005 [defense counsel] tendered this matter for defense,

indemnity and additional insured status on behalf of [Monadnock and Edgemere] (the "Tendering Parties)"; however, denied additional insured coverage, claiming that it had not received timely notice of the matter from either Monadnock or Edgemere.

Thereafter, on December 15, 2005, as a result of Westchester Fire's declination of additional insured coverage, a third-party action was commenced against Gateway on behalf of both Monadnock and Edgemere. Although Westchester Fire stated that the tender on behalf of Monadnock and Edgemere was its first notification of the occurrence and first notification of the suit, Westchester Fire provided (and is still providing) Gateway with a defense in the underlying third-party action, having accepted the notice as timely as to Gateway. The timely notice provided to Westchester Fire by Gateway is applicable to both Monadnock and Edgemere, and they are entitled to additional insured coverage under the Westchester Fire policy.

II.   **ADDITIONAL INSURED COVERAGE UNDER THE WESTCHESTER FIRE POLICY FOR MONADNOCK AND EDGEMERE IS PRIMARY AND MUST EXHAUST PRIOR TO THE IMPLICATION OF COVERAGE UNDER THE AMERICAN EMPIRE POLICY**

Under New York law, the general rule is that where there are multiple policies covering the same risk, and each generally purports to be excess to the other, the excess coverage clauses are held to "cancel each other out" and each insurer contributes in proportion to its policy limit. That rule, however, does not apply, when its use would distort the meaning of the terms of the policies involved. Whether there will be such distortion turns on consideration of the purpose each policy was intended to serve as evidenced by both its stated coverage and the premium paid for it, as well as upon the wording of its provision concerning excess insurance. See Cheektowaga Central School District et al. v. Burlington Ins. Co., 32 A.D.3d 1265, 822 N.Y.S.2d 213 (4th Dep't 2006).

In this regard, in <u>Harleysville Ins. Co. v. Travelers Ins. Co., et al.</u>, 38 A.D.3d 1364, 831 N.Y.S.2d 625 (4th Dep't 2007), pursuant to a contract between W.C. Roberson Plumbing & Construction Corp. ("Roberson"), the named insured of Harleysville Insurance Company ("Harleysville"), and Savarino Construction Services, Inc. ("Savarino"), Savarino was added as an additional insured on Roberson's Commercial General Liability policy with Harleysville by way of endorsement. Savarino was the named insured under a Commercial General Liability policy issued by Travelers Insurance Company ("Travelers").

Harleysville defended Savarino in an underlying personal injury accident brought by an employee of Roberson. Savarino settled with Roberson's employee in the underlying action and Harleysville paid the entirety of its primary policy (and a portion of an excess policy). Harleysville thereafter claimed in coverage litigation, *inter alia*, that Travelers, which issued a primary policy to Savarino, was obligated to share equally in the costs associated with the defense of Savarino and the subsequent settlement of the underlying action. The Court rejected this contention.

The <u>Harleysville</u> Court held Travelers' coverage to be excess to Harleysville's coverage, stating:

> Although we note that both policies provide coverage for sums that the insured is legally obligated to pay as damages for bodily injury and that the premium Savarino paid Travelers was for primary coverage, we disagree with [Harleysville] that the "other insurance" clauses in the policies are identical and that they therefore both provide primary coverage. Pursuant to the "other insurance" clauses in both policies, the policies provide primary coverage except that the coverage is excess where any other primary insurance is available to the insured for which the insured has been added as an additional insured by attachment of an endorsement. Savarino is added as an additional insured on [Harleysville's] primary policy, and thus the excess clause is triggered in the Travelers' policy but not in [Harleysville's] policy.

8

> We therefore conclude that the excess coverage clauses are not "deemed to cancel each other out" and thus do not result in coinsurance. Rather, pursuant to the terms of the policies, Travelers' coverage is excess to plaintiff's coverage, and we therefore conclude that coverage under plaintiff's primary policy must be exhausted before Travelers is required to contribute under its policy.

In the present matter, Section IV. Commercial General Liability Conditions, subsection 4, Other Insurance, of the American Empire policy provides, in pertinent part, as follows:

> If other valid and collectible insurance is available to the insured for a loss we cover under Coverage A or B of this Coverage Part, our obligations are limited as follows:
>
> \* \* \*
>
> b. Excess Insurance
>
> This insurance is excess over:
>
> \* \* \*
>
> (2) Any other primary insurance available to [Monadnock and Edgemere] covering liability for damages arising out of the…operations for which you have been added as an additional insured by attachment of an endorsement.
>
> \* \* \*

As such, based upon Monadnock and Edgemere's additional insured status under the Westchester Fire policy by way of endorsement (a fact Westchester Fire has never rejected) and the New York authority discussed above, the excess clause of American Empire's Other Insurance provision is triggered. Therefore, it should be concluded that American Empire is not obligated to contribute on a co-insurance basis, but that Westchester Fire's coverage is primary and must be exhausted prior to the implication of coverage under the American Empire policy.

## CONCLUSION

Based upon the foregoing, it is respectfully requested that this Court grant summary judgment in favor of American Empire Surplus Lines Insurance Company, together with such other and further relief as this Court deems just and proper.

DATED:   Garden City, New York
         May 30, 2008

                                        Respectfully Submitted,

                                        L'ABBATE, BALKAN, COLAVITA
                                        & CONTINI, LLP

                                        By: _____
                                        JILLIAN MENNA (JM 5708)
                                        Attorneys for Plaintiff
                                        American Empire Surplus Lines
                                        Insurance Company
                                        1001 Franklin Avenue
                                        Garden City, New York 11530
                                        (516) 294-8844
                                        File No: 07 422 92956

To:   James H. Haddad, Esq.
      LUSTIG & BROWN, LLP
      Attorneys for Defendant
      Westchester Fire Insurance Company
      150 Grand Street, 5th Floor
      White Plains, NY 10601